IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVICOR MEDICAL PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1060-GMS |
| ) | |
| BIOPSY SCIENCES, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. INTRODUCTION

On December 7, 2010, the plaintiff, Devicor Medical Products, Inc. ("Devicor") commenced this action against the defendant, Biopsy Sciences, LLC ("Biopsy"), alleging infringement of five U.S. Patents. (D.I. 1.) Biopsy then filed a motion to dismiss under Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue to the U.S. District Court for the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. § 1406(a). (D.I. 7.)

On March 11, 2011, Devicor filed it First Amended Complaint, adding claims for false patent marking. (D.I. 16 at ¶¶ 58–126.) Biopsy responded by filing a second motion to dismiss or transfer on April 4, 2011. (D.I. 20.) In this second motion, Biopsy also sought to dismiss the false marking claims, challenging the constitutionality of the False Patent Marking Statute, 35 U.S.C. § 292, as well as the adequacy of Devicor's pleadings. (*Id.* at ¶¶ 7–10.)

On October 13, 2011, Devicor filed a Second Amended Complaint.[1] (D.I. 37.) Again, Biopsy responded by filing a motion to dismiss. (D.I. 38.) This third responsive motion, which is presently before the court, seeks dismissal pursuant to under Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure or, in the alternative, transfer under 28 U.S.C. §§ 1404(a) or 1406(a). (*Id.*) It also contends that Devicor's false marking claims should be dismissed for failure to meet the heightened pleading requirements of Rule 9(b). (*Id.*) Devicor has opposed this motion and filed an alternative motion for jurisdictional discovery, which is also before the court. (D.I. 41.)

For the reasons that follow, the court will hold Biopsy's motion in abeyance pending limited jurisdictional discovery and supplemental briefing.

## II. BACKGROUND

Devicor is a Delaware corporation with its principal place of business in Sharonville, Ohio. (D.I. 37 at ¶ 1.) It describes itself as a "global medical products company dedicated to the investment in, and development of, technologies that facilitate minimally invasive medical procedures. Among the medical products that Devicor develops and markets are devices in the minimally invasive breast biopsy market." (*Id.* at ¶ 6.)

Biopsy Sciences is a Florida corporation with headquarters in Clearwater, Florida. (*Id.* at

---

[1] After Biopsy filed a Notice of Constitutional Challenge on April 4, 2011, (D.I. 22), the United States filed a notice of Intervention and a Motion to Stay Pending the Federal Circuit's decisions in *FLFMC, Inc. v. Wham-O, Inc.*, No. 11–1067, and *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 2011-1254, (D.I. 33–34). These cases also addressed the constitutionality of 35 U.S.C. § 292. On September 16, 2011, however, the Leahy-Smith America Invents Act (the "AIA") was signed into law. Pub. L. No. 112-29, 125 Stat. 284 (2011). While the AIA removed the *qui tam* provision of 35 U.S.C. § 292, it also amended the statute to permit private suits for false marking where a person "suffer[s] a competitive injury" as a result of a false marking violation. America Invents Act § 16(b) (codified at 35 U.S.C. § 292(a–b)). The Second Amended Complaint clarifies Devicor's position that it suffered a competitive injury as a result of Biopsy's alleged mismarking—rather than seeking a statutory fine under the *qui tam* provision, Devicor now claims entitlement to compensatory damages under the amended language of § 292. (D.I. 37.)

¶ 2.) According to Devicor, Biopsy's "HydroMARK" line of products includes breast biopsy site markers, which infringe one or more claims of the asserted patents. (*Id.* at ¶ 9.)

At the time the present motion was filed, visitors to Biopsy's Internet homepage were able to click a link marked "PURCHASE HydroMARK" and then select "United States" and "Delaware" from separate drop-down menus. (D.I. 41 at 4.) After making these selections, the website would provide the visitor with information for a Delaware-specific distributor, MPM Medical Supply ("MPM"), which was located in New Jersey.[2] (*Id.* at 5.) The page presented the visitor with hyperlinks to MPM's website and a MPM contact person's email. (*Id.*) Biopsy, however, notes that it is "not aware of any of its products being marketed, distributed, or sold in Delaware." (D.I. 40 at ¶ 15.)

## III. STANDARD OF REVIEW

### A. Personal Jurisdiction

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a court should dismiss an action where it lacks personal jurisdiction over the defendant.[3] Fed. R. Civ. P. 12(b)(2). "[W]here the . . . court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need

---

[2] Biopsy emphasizes that MPM is an independent distributor located in New Jersey rather than Delaware and that it lists MPM as a distributor not only for Delaware, but also for New Jersey and metropolitan New York. (D.I. 43 at 4.) Biopsy thus disputes the characterization of MPM as a Delaware-specific distributor. (*Id.*)

[3] While neither party acknowledges it in their briefing, the court notes that the law of the Federal Circuit rather than the Third Circuit applies to the question of personal jurisdiction. *See, e.g., Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) ("This court reviews a determination of personal jurisdiction without deference . . . Moreover, we apply Federal Circuit law because the jurisdictional issue is intimately involved with the substance of the patent laws." (internal quotations omitted)); *Merial, Ltd. v. Cipla, Ltd.*, 681 F.3d 1283, 1292 (Fed. Cir. 2012) ("We review a district court's exercise of personal jurisdiction over an accused infringer without deference, applying Federal Circuit law rather than the law of the regional circuit."); *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995) ("We apply the law of the Federal Circuit, rather than that of the regional circuit in which the case arose, when we determine whether the district court properly declined to exercise personal jurisdiction over an out-of-state accused infringer.").

only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). In examining a motion to dismiss pursuant to Rule 12(b)(2), the court accepts all the plaintiff's allegations of jurisdictional fact as true and resolves all factual disputes in the plaintiff's favor. *See Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012); *Traynor v. Liu*, 495 F.Supp.2d 444, 448 (D. Del. 2007).

To determine whether personal jurisdiction exists, the court engages in a two-step inquiry, asking (1) whether jurisdiction is authorized under the long-arm statute of the state in which it sits[4] and (2) whether exercise of that jurisdiction comports with the requirements of due process. *See Patent Rights Protection Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1368–69 (Fed. Cir. 2010). To satisfy the second prong of this analysis, the court must find that "minimum contacts" exist between the defendant and the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted); *see also Elecs. for Imaging, Inc.*, 340 F.3d at 1350.

The "minimum contacts" analysis itself may be divided into two narrower inquiries. First, the court considers the quality of the actual "contacts." The Federal Circuit has made clear

---

[4] With regard to this first question, the court looks to the law of the relevant state and federal courts rather than the Federal Circuit. *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998).
  While 10 Del. C. § 3104(c), the Delaware long-arm statute, "has been construed broadly to confer jurisdiction to the maximum extent possible under the due process clause," *eSpeed, Inc. v. BrokerTec USA, LLC*, No. 03-612-KAJ, 2004 WL 2346137, at *2 (D. Del. Sept. 13, 2004) (citing *La Nuova D & B S.p.A. v. Bowe Co. Inc.*, 513 A .2d 764, 768 (Del. 1986)), "[t]he Delaware Supreme Court has not collapsed the analysis under the Delaware long-arm statute into the constitutional due process analysis, as some courts have done," *id.* at *2 n.5. As such, the court must determine whether exercise of personal jurisdiction comports with both § 3104(c) and a defendant's due process rights.

that, "[i]n general, there must be 'some act' by which defendants 'purposefully avail[] themselves of the 'privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Elecs. for Imaging, Inc.*, 340 F.3d at 1350 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The second sub-inquiry arises from the "fair play and substantial justice" language of *International Shoe* and requires the court to determine whether, despite evidence of "purposeful availment," other considerations might make the exercise of personal jurisdiction unfair.[5] While the plaintiff bears the initial burden of demonstrating the requisite "minimum contacts," the burden of proof then shifts to the defendant "to demonstrate the presence of other considerations that render the exercise of jurisdiction unreasonable."[6] *Inamed Corp v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

B. Venue

Pursuant to Rule 12(b)(3), a court may dismiss an action brought in an inappropriate

---

[5] "The second prong of 'fair play and substantial justice' gives the defendant an opportunity to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Inamed Corp v. Kuzmak*, 249 F.3d at 1360 (quoting *Burger King*, 471 U.S. at 476–77). In performing this reasonableness analysis, the court is instructed to look to the following factors:
> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 338 (Fed. Cir. 2003) (citing *Asahi Metal Ind. Co. v. Super. Ct. of Cal., Solano City*, 480 U.S. 102, 113-14 (1987)).

[6] Of course, there are two types of personal jurisdiction—specific and general. "Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.' General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 336–37 (Fed. Cir. 2003) (internal citations omitted).

As such and consistent with the standards described above, the Federal Circuit has articulated a three-prong test for determining when specific jurisdiction exists. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998). The court considers "(1) whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair." *Id.* On the other hand, a court assessing general jurisdiction need not consider the second prong—the added requirement of "continuous and systematic" contacts makes it unnecessary.

venue. Fed. R. Civ. P. 12(b)(3). Since a motion to dismiss for improper venue "is not an attack on jurisdiction but only an affirmative dilatory defense" the movant bears the burden of demonstrating that the chosen forum is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *see also Freedom Mortg. Corp. Irwin Fin. Corp.*, No. 08-146-GMS, 2009 WL 736899, at *3 (D. Del. Mar. 23, 2009).

Of course, in assessing such a motion to dismiss, the court must look to the applicable venue statutes. The general venue provision, 28 U.S.C. § 1391, states:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The venue statute specific to patent infringement action, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A business entity defendant, for the purposes of both § 1391(b) and § 1400(b), "resides" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c); *see also VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990) ("On its face, § 1391(c) clearly applies to § 1400(b),

and thus redefines the meaning of the term 'resides' in that section.").[7]

C.  Transfer

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under this provision, a district court has "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The court engages in a two-step inquiry. It first determines whether the action could have been brought originally in the proposed transferee forum and then asks whether transfer would best serve the convenience of the parties and witnesses as well as the interests of justice. *Smart Audio Techs., LLC v. Apple, Inc.*, No. 12-134-GMS, 2012 WL 5865742, at *1 (D. Del. Nov. 16, 2012). The defendant bears the burden of demonstrating that transfer is appropriate at each step, *Jumara*, 55 F.3d at 879–80, and, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail," *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

On the other hand, transfer pursuant to § 28 U.S.C. § 1406(a) is permitted only where venue is improper and the court, "in the interest of justice," finds it appropriate to transfer the

---

[7] The court recognizes that a 2011 amendment to § 1391(c) changed the language on which the *VE Holding Corp.* court based its decision. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 202(1), 125 Stat. 758, 763 (2011) (replacing, in relevant part, the language "[f]or purposes of venue under this chapter" with new language "[f]or all venue purposes"). The court, however, does not believe this amendment undermines the Federal Circuit's conclusion that a business entity defendant, for the purposes of §1400(b) resides in any judicial district in which it is subject to personal jurisdiction.

7

action to a "district or division in which it could have been brought" rather than simply dismissing the case.

D. Rule 9(b) Pleading Sufficiency

Under Rule 9(b), when a party alleges fraud or mistake, it "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In essence, this rule requires a plaintiff "to plead in detail the specific who, what, when, where, and how of the alleged fraud." *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011) (internal quotations omitted). Courts have recognized that requiring more specific allegations in this context "serves to give defendants 'notice of the claims against them, provide[] an increased measure of protection for their reputations, and reduce[] the number of frivolous suits brought solely to extract settlements.'" *Brinkmeier v. BIC Corp.*, 733 F. Supp. 2d 552, 559 (D. Del. 2010) (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006)).

The Federal Circuit has explicitly held that these heightened pleading requirements apply to false marking allegations, *id.*; *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011), and noted that they "must be applied in a fashion that relates to false marking claims," *In re BP Lubricants USA Inc.*, 637 F.3d at 1312.

## IV. DISCUSSION

Biopsy asks the court to dismiss this action for lack of personal jurisdiction and for improper venue. (D.I. 38.) In the alternative, it seeks transfer pursuant to either § 1404(a) or § 1406(a). (*Id.*) Finally, "in the further alternative," Biopsy seeks dismissal of Devicor's false patent marking counts for failure to meet the pleading requirements of Rule 9(b). (*Id.*) The

court addresses each of Biopsy's arguments in turn.

    A.    Personal Jurisdiction

As noted above, a motion to dismiss pursuant to Rule 12(b)(2) requires the court to ask whether jurisdiction is authorized under the long-arm statute of the state in which it sits and whether exercise of that jurisdiction comports with constitutional due process. The court discusses each requirement in turn.

    1.    Delaware Long-Arm

The Delaware long-arm statute, 10 Del. C. § 3104(c), provides that:

> [A] court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
> (5) Has an interest in, uses or possesses real property in the State; or
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. § 3104(c). Sections 3104(c)(1–3), (5), and (6) have been interpreted as specific jurisdiction provisions, while § 3104(c)(4) confers general jurisdiction. *See Tani v. FPL/Next Era Energy*, No. 10-860-LPS, 2011 WL 4346685, at *5 (D. Del. Sept. 15, 2011).

Devicor argues that the court may exercise jurisdiction over Biopsy pursuant to at least

§§ 3104(c)(1), (3), and (4).[8] (D.I. 41 at 5.) Biopsy maintains that it "meets none of the criteria in Delaware's long-arm statute." (D.I. 39 at 4.) While the facts before the court do not allow it to determine whether Biopsy falls within subsections (c)(1) or (4), if Devicor's allegations are taken as true, Biopsy might have at least induced infringement in Delaware—and thereby satisfied subsection (c)(3)—through its website's reference to MPM. The Federal Circuit, in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994), found that "the situs of the injury [of patent infringement] is the location, or locations, at which the infringing activity directly impacts on the interests of the patentee," and further observed that "[e]conomic loss occurs to the patent holder at the place where the infringing sale is made because the patent owner loses business there." *Id.* at 1571. As such, Delaware might well represent the location of Devicor's alleged injury, bringing Biopsy within subsection (c)(3).[9]

  2.  Constitutional Due Process

It is also unclear whether the court may exercise personal jurisdiction over Biopsy consistent with constitutional due process guarantees. As noted above, while the law of the Federal Circuit guides the court's analysis here, both parties briefed this issue under Third Circuit law. As such, the court will order supplemental briefing directed to the issue of personal jurisdiction under Federal Circuit law as well as limited jurisdictional discovery relating to this

---

[8] Devicor suggests that it might also be able to show jurisdiction under § 3104(c)(2) after jurisdictional discovery. (D.I 41 at 5 n.13.)

[9] The application of §3104(c)(3) to Biopsy may well depend on whether MPM actually sold or offered to sell the HydroMARK products in Delaware. Since the court will order jurisdictional discovery to determine whether the exercise of jurisdiction comports with constitutional due process, limited discovery bearing on long-arm jurisdiction is also appropriate.

point.[10]

B. Venue

Biopsy also moves to dismiss this action for improper venue under Rule 12(b)(3). As noted above, however, proper venue for a business entity defendant under both § 1391(b) and § 1400(b) depends upon where that defendant is subject to personal jurisdiction for the action in question. Since the court has yet to resolve the jurisdictional issue, the venue question cannot be answered at this time. *See Trintec Indus., Inc. v. Pedre Promotioal Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005).

C. Transfer

Similarly, the court cannot resolve the request for transfer pursuant to 28 U.S.C. § 1406(a) at this stage. That particular provision only allows for transfer where a case "lay[s] venue in the wrong division or district," a determination that has not yet been made here.

While transfer under § 1404(a) does not require a finding of improper venue, the court will also set that matter aside temporarily. Biopsy seeks transfer only in the alternative, and the court has not yet disposed of its principal request for dismissal.

D. Rule 9(b) Pleading Sufficiency

---

[10] The court recognizes that the law of the Third Circuit governs its decision to permit jurisdictional discovery. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009). The Third Circuit has made clear that, while the plaintiff bears the burden of demonstrating personal jurisdiction, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). The plaintiff need only present the court with factual allegations suggesting "with reasonable particularity" that the requisite contacts exist between the forum and the defendant. *Id.*

Devicor's assertions regarding Biopsy's website and its direction of prospective Delaware customers to MPM represent such factual allegations, suggesting to the court that sales into Delaware might have occurred. In the absence of further briefing on the Federal Circuit's personal jurisdiction standard and the application of that standard to this situation, it is difficult for the court to determine precisely what discoverable facts might be important. The court believes, however, that evidence of sales to Delaware customers is likely to be relevant to its inquiry and will therefore permit discovery on this and related jurisdictional issues.

The court likewise will defer consideration of Biopsy's motion for dismissal of Devicor's Sixth, Seventh, and Eight Counts for failure to meet the pleading requirements of Rule 9(b). Biopsy seeks to dismiss these counts only "in the further alternative," and the court therefore will resolve the other dismissal and transfer questions before turning its attention to Biopsy's pleadings challenge.

## V. CONCLUSION

For the foregoing reasons, the court will order that (1) Biopsy's motion (D.I. 38) be held in abeyance, (2) the parties conduct supplemental briefing addressing Federal Circuit law on the question of personal jurisdiction, and (3) Devicor's alternative motion for jurisdictional discovery (D.I. 41) be granted.

Dated: February 7, 2013

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVICOR MEDICAL PRODUCTS, INC., ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 10-1060-GMS |
| BIOPSY SCIENCES, LLC, ) | |
| Defendant. ) | |

## ORDER

At Wilmington this 7th day of February 2013, consistent with the memorandum opinion issued this same date, IT IS HEREBY ORDERED THAT:

1. The defendant's Motion to Dismiss the Second Amended Complaint and Alternative Motion to Transfer Venue (D.I. 38) will be held in ABEYANCE awaiting jurisdictional discovery and supplemental briefing;

2. The plaintiff's Alternative Motion for Jurisdictional Discovery (D.I. 41) is GRANTED;[1] and

3. After conducting jurisdictional discovery, the parties will submit supplemental briefing addressing whether the court may exercise [p]ersonal jurisdiction over the defendant.[2]

CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] Counsel should be prepared to discuss the scope of this limited jurisdictional discovery during the Scheduling Teleconference set for February 11, 2013 at 2:00 PM.

[2] Likewise, the court will instruct counsel as to the timing and nature of this supplemental briefing during the Scheduling Teleconference.