IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| DEVICOR MEDICAL PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1060-GMS |
| | ) | |
| BIOPSY SCIENCES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM

### I.    INTRODUCTION[1]

On December 7, 2010, the plaintiff, Devicor Medical Products, Inc. ("Devicor")
commenced this action against the defendant, Biopsy Sciences, LLC ("Biopsy"), alleging
infringement of five U.S. Patents. (D.I. 1.) Biopsy then filed a motion to dismiss under Rules
12(b)(2) and (3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue to
the U.S. District Court for the Middle District of Florida, Tampa Division pursuant to 28 U.S.C.
§ 1406(a). (D.I. 7.)

On March 11, 2011, Devicor filed it First Amended Complaint, adding claims for false
patent marking. (D.I. 16 at ¶¶ 58–126.) Biopsy responded by filing a second motion to dismiss
or transfer on April 4, 2011. (D.I. 20.) In this second motion, Biopsy also sought to dismiss the
false marking claims, challenging the constitutionality of the False Patent Marking Statute, 35
U.SC. § 292, as well as the adequacy of Devicor's pleadings. (*Id.* at ¶¶ 7–10.)

---

[1] The court draws a substantial portion of its Introduction from its February 7, 2013 Memorandum (D.I. 53).

On October 13, 2011, Devicor filed a Second Amended Complaint.[2] (D.I. 37.) Again, Biopsy responded by filing another motion to dismiss. (D.I. 38.) This third responsive motion sought dismissal pursuant to Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure or, in the alternative, transfer under 28 U.S.C. §§ 1404(a) or 1406(a). (*Id.*) It also suggested that Devicor's false marking claims should be dismissed for failure to meet the heightened pleading requirements of Rule 9(b). (*Id.*) Devicor opposed this motion and filed an alternative motion for jurisdictional discovery. (D.I. 41.)

In its February 7, 2013 Memorandum and Order, the court held Biopsy's Second Amended Complaint and Alternative Motion to Transfer Venue in abeyance pending jurisdictional discovery and limited supplemental briefing. (D.I. 53.) During a teleconference held on February 11, 2013, the court discussed the scope of the jurisdictional discovery with the parties and ordered the action be otherwise stayed. (D.I. 56 at 10.) On March 1, 2013, however, Biopsy withdrew its motion to dismiss (D.I. 61) and, pursuant to 28 U.S.C. § 1404(a), filed an Amended Motion to Transfer Venue (D.I. 62), which is presently before the court.

For the reasons that follow, the court will deny Biopsy's Amended Motion to Transfer Venue.

## II.    BACKGROUND

---

[2] After Biopsy filed a Notice of Constitutional Challenge on April 4, 2011, (D.I. 22), the United States filed a notice of Intervention and a Motion to Stay Pending the Federal Circuit's decisions in *FLFMC, Inc. v. Wham-O, Inc.*, No. 11–1067, and *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 2011-1254, (D.I. 33–34). These cases also addressed the constitutionality of 35 U.S.C. § 292. On September 16, 2011, however, the Leahy-Smith America Invents Act (the "AIA") was signed into law. Pub. L. No. 112-29, 125 Stat. 284 (2011). While the AIA removed the *qui tam* provision of 35 U.S.C. § 292, it also amended the statute to permit private suits for false marking where a person "suffer[s] a competitive injury" as a result of a false marking violation. America Invents Act § 16(b) (codified at 35 U.S.C. § 292(a–b)). The Second Amended Complaint clarifies Devicor's position that it suffered a competitive injury as a result of Biopsy's alleged mismarking—rather than seeking a statutory fine under the *qui tam* provision, Devicor now claims entitlement to compensatory damages under the amended language of § 292. (D.I. 37.)

Devicor is a Delaware corporation having its principal place of business in Sharonville, Ohio. (D.I. 37 at ¶ 1.) Biopsy is a Florida corporation headquartered in Clearwater, Florida. (*Id.* at ¶ 2.)

Devicor refers to itself as "a global medical products company dedicated to the investment in, and development of, technologies that facilitate minimally invasive medical procedures. Among the medical products that Devicor develops and markets are devices in the minimally invasive breast biopsy market." (*Id.* at ¶ 6.) As a result of its 2010 acquisition of Johnson & Johnson's Ethicon Endo-Surgery unit's breast-care business, Devicor became the owner of the five patents-in-suit. (D.I. 65 at 2.) Devicor claims that Biopsy's "HydroMARK" line of products infringe these patents and has made additional allegations of false marking. (*Id.*)

### III.    STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), a district court has "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer."[3] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). The court engages in a two-step inquiry. It first determines whether the action could have been brought originally in the proposed transferee forum and then asks whether transfer would best serve the convenience of the parties and witnesses as well as the interests of justice. *Smart Audio Techs., LLC v. Apple, Inc.*, No. 12-134-GMS, 2012 WL 5865742, at *1 (D. Del. Nov. 16, 2012). It is the defendant's responsibility to demonstrate that transfer is appropriate at each step, *Jumara*, 55 F.3d at 879–80, and, "unless the balance of convenience of the parties is strongly in favor of

---

[3] The statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

defendant, the plaintiff's choice of forum should prevail," *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

## IV.  DISCUSSION

### A.  Propriety of the Transferee Forum

Section 1404(a) provides that the court may only transfer an action to a "district or division where it might have been brought." 28 U.S.C. § 1404(a). As such, the court may only grant Biopsy's motion if venue would have been proper in the Middle District of Florida and if that district court could have exercised personal and subject matter jurisdiction over this action. 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.12[b] (3d ed. 2012).

Devicor does not dispute that this action might have been originally filed in the Middle District of Florida. Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." As such, the proposed transferee forum would have represented a proper venue for this suit—Biopsy is a Florida corporation and has its principal place of business in Clearwater, Florida. Likewise, personal jurisdiction would have existed due to Biopsy's presence in Florida, and subject matter jurisdiction would have been found under 28 U.S.C. § 1338. *See* 28 U.S.C. § 1338 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."). The court has little difficulty concluding that this action could have been brought in the Middle District of Florida and thus proceeds to the second stage of the transfer inquiry.

### B.  *Jumara* Analysis

4

The court next asks whether transfer would serve the interests of convenience and justice. In the Third Circuit, this requires an individualized analysis, accounting for the various private and public interests guarded by § 1404(a). *See Jumara*, 55 F.3d at 879. Rather than applying any "definitive formula," the court considers, *inter alia*, each of these so-called "*Jumara* factors" on a case-by-case basis. *See id.* The private interests may include:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* The public interests may include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80. The court addresses each of these factors in turn.

### 1. Private interest factors

#### a. Plaintiff's forum preference

The first private interest *Jumara* factor is the plaintiff's forum preference as manifested in the original choice." *Jumara*, 55 F.3d at 879. The parties devote substantial briefing to the question of how much weight the court should give Devicor's decision to file this suit in Delaware. Devicor claims that its choice is entitled to "paramount" consideration. (D.I. 65 at 5.) Biopsy responds that it should be given little weight since Devicor is not headquartered in Delaware and has not sought to litigate on its home turf. (D.I. 67 at 4.)

Devicor is correct that a plaintiff's forum choice is ordinarily accorded significant deference. *See Shutte,* 431 F.2d at 25 ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.'"). The court has recently explained at some length, however, that this deference is shown primarily by placing the initial burden on the movant to demonstrate that the balance of convenience *strongly* favors transfer. *See Smart Audio Techs.*, 2012 WL 5865742, at \*4; *see also ChriMar Sys., Inc. v. Cisco Sys., Inc.*, No. 11-1050-GMS, 2013 WL 828220, at \*4 (D. Del. Mar. 6, 2013). As an individual *Jumara* factor, a plaintiff's forum preference only receives enhanced weight where it has chosen to file suit on its home turf or can identify other rational and legitimate reasons for litigating in Delaware. *See Smart Audio Techs.*, 2012 WL 5865742, at \*4.

Here, Devicor is a Delaware corporation, and its forum choice therefore is entitled to some measure of heightened deference. "The court, however, recognizes that, when a plaintiff chooses to bring an action in a district where it is not physically located, its forum preference is entitled to something less than . . . paramount consideration." *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 11-400-GMS, 2012 WL 105323, at \*3 (D. Del. Jan. 7, 2013); *see also In re Link-A-Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (using the term "home forum" to refer to the jurisdiction in which a party is physically located and noting that "[w]hen a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is entitled to less deference"). As such, this consideration weighs against transfer and is accorded heightened but not maximum weight as an individual *Jumara* factor.

b. Defendant's forum preference

6

The second private interest factor is the defendant's forum preference. *Jumara*, 55 F.3d at 879. Biospy has indicated that it would prefer to litigate in Florida, the state in which it is incorporated and has its principal place of business. This factor weighs in favor of transfer.

### c. Whether claims arose elsewhere

The court next considers where Devicor's claims arose. *Jumara*, 55 F.3d at 879. "[A]s a matter of law, a claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority." *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 381 (D. Del. 2012) (quoting 35 U.S.C. § 271(a)). This factor may be neutral where the defendant in a patent infringement suit operates broadly, as the infringement can be viewed as occurring in many districts.

Biopsy suggests that "the matter of controversy is *not* centered in Delaware, as any acts of alleged direct infringement *by* Biopsy—the making, offering for sale, or sale of the accused infringing product—did not occur in this District, but in the Middle District of Florida, as well as other Districts." (D.I. 63 at 4.) This focus on Biopsy's individual actions, however, is misplaced. At the center of the parties' earlier jurisdictional dispute was the question of whether one of Biopsy's distributors had sold the accused products in Delaware. (D.I. 53 at 9–10.) Biopsy now acknowledges that such sales have occurred, (D.I. 67 at 2 n.3), and these sales might form the basis for alleged acts of indirect infringement in Delaware by Biopsy. In at least that sense, Devicor's claims can be understood as arising in this district, and the court therefore will

7

treat this factor as neutral.[4]

### d. Convenience of the parties

The court next considers which forum would be more convenient for the parties, focusing on: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Mitek Sys., Inc. v. United Servs. Auto Ass'n*, No. 12-462-GMS, 2012 WL 3777423, at *6 (D. Del. Aug. 20, 2012) (quoting *Fuisz Pharma v. Theranos, Inc.*, No. 11-1061-SLR-CJB, 2012 WL 1820642, at *12 (D. Del. May 18, 2012)); *see also Jumara*, 55 F.3d at 879.

Biopsy argues that it "is a small start-up company that would experience a strong financial hardship if forced to litigate . . . in Delaware." (D.I. 63 at 5.) Devicor disputes the characterization of Biospy as a "smaller," "local or regional business" and maintains that the defendant would experience no "unique or unexpected burden" from proceeding in this district. (D.I. 65 at 9.)

While the court has not been presented with enough information to fully assess the relative financial resources of the parties, it is apparent that Biopsy is a small company. Moreover, even were that not the case, the court must look to the absolute costs likely to flow from its transfer decision. Here, neither party has a physical presence in Delaware, and litigation

---

[4] The court has previously acknowledged that "[t]o some extent, [infringement] claims ar[i]se where the allegedly infringing products [a]re designed and manufactured." *Smart Audio Techs.*, 2012 WL 5865742, at *7 (quoting *Wacoh Co. v. Kionix, Inc.*, 845 F. Supp. 2d 597, 602 (D. Del. 2012)). On this basis, the court has sometimes found that this factor weighs at least slightly in favor of transfer where the accused products are developed in the proposed transferee forum. *See, e.g., ChriMar Sys.*, 2013 WL 828220, at *4–5. Biopsy, however, has remained silent on this point.

in this district will require both to incur travel costs. On the other hand, transfer of this matter to the Middle District of Florida will at least spare Biopsy the inconvenience and expense of litigating in a distant forum. This *Jumara* factor weighs in favor of transfer.

### e. Convenience of witnesses

The next consideration is "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." 55 F.3d at 879. "Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). Moreover, the court only assigns this factor weight "when there is some reason to believe that a witness actually will refuse to testify absent a subpoena." *Smart Audio Techs.*, 2012 WL 5865742, at *8.

Here, neither party has pointed to a single witness who will be unavailable for trial in either Delaware or Florida. As such, the court regards this factor as neutral.

### f. Location of books and records

The last private interest *Jumara* factor is "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara,* 55 F.3d at 879. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also Smart Audio Techs.*, 2012 WL 5865742, at *9. Here, Biopsy is located in the Middle District of Florida, and the court is informed that all its books and records are maintained there as

9

well. (D.I. 63 at 5.) Devicor, however, notes that Biopsy has failed to demonstrate that relevant documents could not be produced in Delaware and suggests that this factor therefore is not entitled to any weight in the convenience analysis. (D.I. 65 at 10–11.)

The court finds that this factor weighs slightly in favor of transfer. While the court understands Devicor's argument that technological advances relating to the electronic storage and transfer of documents have reduced the practical import of this consideration, *see Tessera, Inc. v. Sony Elecs., Inc.*, 10-838-RMB, 2012 WL 1107706, at *6 (D. Del. Mar. 30, 2012), it nevertheless must give some weight to the "location of books and records" in the *Jumara* analysis, *see In re Link-A-Media Devices Corp.*, 662 F.3d at 1224; *Smart Audio Techs.*, 2012 WL 5865742, at *9.

### 2. Public interest factors

The parties appear to agree that several of the public interest factors are inapplicable to or neutral in the transfer analysis.[5] The court will address only those factors in dispute.

#### a. Local interest

The first contested public interest factor concerns the "local interest in deciding local controversies at home." *Jumara*, 55 F.3d at 879. Biospy argues simply that "[t]he Middle District of Florida has a greater interest in litigation involving claims of patent infringement against one of its residents than does this District." (D.I. 63 at 6.) The court rejects this position—patent infringement actions are more properly viewed as national rather than local controversies. *See, e.g., Schubert*, 2013 WL 550192, at *6; *Smart Audio Techs.*, 2012 WL

---

[5] The parties seemingly do not dispute the public interest factors relating to (1) the "enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious , or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," and (4) "the trial judge's familiarity with applicable state law in diversity cases." (D.I. 63 at 5–6; D.I. 65 at 11–12.)

5865742, at *10; *see also Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012) ("[P]atent litigation does not constitute a local controversy in most cases."). As the court has previously noted, while a patent matter may well be of local interest in the proposed transferee forum, it generally reflects a much broader controversy. *See ChriMar Sys.*, 2013 WL 828220, at *7. This factor is neutral.

### b. Public policies of the fora

The final contested *Jumara* factor is that relating to "the public policies of the fora." *Jumara*, 55 F.3d at 879. Biospy suggests simply that "public policies support [the Middle District of Florida] overseeing [patent infringement claims against one of its residents]." (D.I. 63 at 6.) While the court has previously found that this factor might be applicable in the patent infringement context under the proper circumstances, *see, e.g., AIP Acquisition LLC v. iBasis, Inc.*, No. 12-616-GMS, 2012 WL 5199118, at *5 (D. Del. Oct. 19, 2012), Biopsy fails to provide any support for its conclusory statement here, (D.I. 63 at 6). Absent any authority on this point, the court declines to grant this factor any weight in the present analysis.

### 3. *Jumara* analysis summary

While the majority of the *Jumara* factors are neutral or inapplicable to the court's assessment in this case, the first private interest factor—the plaintiff's forum preference—weighs against transfer and is given heightened deference due to Devicor's incorporation in Delaware. This consideration more than offsets Biopsy's own forum preference, and the only other factors that counsel transfer are the "location of books and records," which is given minimal weight, and the "convenience of the parties." Given this breakdown, the court is unable to find that Biopsy has met its heavy burden of establishing that the balance of convenience tips strongly in favor of

transfer.

## V.      CONCLUSION

For the foregoing reasons, the court will deny Biopsy's Amended Motion to Transfer

Venue pursuant to 28 U.S.C. § 1404(a).

Dated: April 15, 2013

_____

CHIEF, UNITED STATES DISTRICT JUDGE

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVICOR MEDICAL PRODUCTS, INC.,    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Civil Action No.  10-1060-GMS
                                   )
BIOPSY SCIENCES, LLC,              )
                                   )
        Defendant.                 )

## ORDER

At Wilmington this 15th day of April 2013, consistent with the memorandum opinion

issued this same date, IT IS HEREBY ORDERED THAT:

1.    The plaintiff's Request for Oral Argument (D.I. 68) is DENIED; and

2.    The defendant's Amended Motion to Transfer Venue (D.I. 62) is DENIED.

_____
CHIEF, UNITED STATES DISTRICT JUDGE